# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY HILL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-cv-1288 |
| RICARDO RIOS, Warden, | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, an inmate at the Pekin Federal Correctional Institution in Pekin, Illinois, contends that he is actually innocent of the career offender enhancement applied against him by the United States District Court for the Eastern District of Wisconsin and requests to be resentenced.  (Doc. 1).  According to Petitioner, on May 26, 1995, he was charged with violating federal drug and weapons statutes.  (Doc. 2 at 2).[1]  Following conviction by a jury, he was sentenced to 284 months imprisonment.  (Doc. 2 at 2).  During sentencing, the trial court applied the career offender enhancement based upon Petitioner's previous state convictions for "Second Degree Recklessly Endangering Safety While Armed" and a state law drug offense.  (Doc. 2 at 2).

---

[1] These and the following facts are drawn from Petitioner's allegations in his Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus (Doc. 2).

In his § 2241 Petition and Memorandum, Petitioner argues that he is actually innocent of the career offender enhancement in light of the Seventh Circuit's decision in *Welch v. United States*, 604 F.3d 408, 418 (7th Cir. 2010), that "a mens rea of recklessness cannot constitute a violent felony." Petitioner alleges that he has now served more time in prison than would have been allowed by his sentencing range without the career offender enhancement, and that therefore his continued incarceration violates the Eight Amendment ban on cruel and unusual punishment. (Doc. 2 at 4). The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case.[2] *See* Rule 1(b) Governing Section 2254 Cases in the District Courts. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit. Therefore, Respondent will be directed to respond to the Petition.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the Petition and Memorandum (Docs. 1 & 2) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within sixty (60) days after service of the Petition. Respondent should address any

---

[2] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases))

facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 12th day of October, 2010.

                                                        s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge